**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

**No. 20-4239**

UNITED STATES OF AMERICA,

       Plaintiff - Appellee,

   v.

EARL CHRISTOPHER TERRY, JR., a/k/a E, a/k/a E-Magic,

       Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Loretta C. Biggs, District Judge. (1:19-cr-00297-LCB-1)

Submitted: June 30, 2021                      Decided: July 14, 2021

Before MOTZ, AGEE, and KEENAN, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Mark R. Sigmon, SIGMON LAW, PLLC, Raleigh, North Carolina, for Appellant. Matthew G.T. Martin, United States Attorney, Craig M. Principe, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Winston-Salem, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Earl Christopher Terry, Jr., was sentenced to 75 months' imprisonment pursuant to his guilty plea to possession with intent to distribute a substance containing heroin, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C); possession with intent to distribute a substance containing fentanyl, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C); and possession of ammunition by a felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). On appeal, Terry challenges the procedural and substantive reasonableness of his sentence. We vacate Terry's sentence and remand for resentencing.

"We review the reasonableness of a sentence under 18 U.S.C. § 3553(a) using an abuse-of-discretion standard." *United States v. Nance*, 957 F.3d 204, 212 (4th Cir.), *cert. denied*, 141 S. Ct. 687 (2020). We are obliged to first "evaluate procedural reasonableness, determining whether the district court committed any procedural error, such as improperly calculating the [Sentencing] Guidelines range, failing to consider the [18 U.S.C.] § 3553(a) factors, or failing to adequately explain the chosen sentence." *Id.* In announcing a sentence, the court "must make an individualized assessment based on the facts presented and must state in open court the particular reasons supporting its chosen sentence." *United States v. Provance*, 944 F.3d 213, 218 (4th Cir. 2019) (internal quotation marks omitted). The court must "address the parties' nonfrivolous arguments in favor of a particular sentence, and if the court rejects those arguments, it must explain why in a sufficiently detailed manner to allow [us] to conduct a meaningful appellate review." *United States v. Blue*, 877 F.3d 513, 519 (4th Cir. 2017). "The adequacy of the sentencing court's explanation depends on the complexity of each case[,] and the appropriateness of brevity

or length, conciseness or detail, when to write, what to say, depends upon the circumstances." *United States v. Arbaugh*, 951 F.3d 167, 174 (4th Cir.) (alterations and internal quotation marks omitted), *cert. denied*, 141 S. Ct. 382 (2020).

"[A] talismanic recitation of the § 3553(a) factors without application to the defendant being sentenced does not demonstrate reasoned decisionmaking or provide an adequate basis for appellate review." *United States v. Carter*, 564 F.3d 325, 329 (4th Cir. 2009). Ultimately, the court must "set forth enough to satisfy the appellate court that it has considered the parties' arguments and has a reasoned basis for exercising its own legal decisionmaking authority." *United States v. Lozano*, 962 F.3d 773, 782 (4th Cir. 2020) (alterations and internal quotation marks omitted).

"It is sometimes possible to discern a sentencing court's rationale when an explanation is lacking." *United States v. Lewis*, 958 F.3d 240, 243 (4th Cir. 2020) (alteration and internal quotation marks omitted). We therefore will not vacate a sentence where "[t]he context surrounding a district court's explanation . . . imbue[s] it with enough content for us to evaluate both whether the court considered the § 3553(a) factors and whether it did so properly." *United States v. Montes-Pineda*, 445 F.3d 375, 381 (4th Cir. 2006). Yet, we "may not guess at the district court's rationale, searching the record for statements by the Government or defense counsel or for any other clues that might explain a sentence." *United States v. Ross*, 912 F.3d 740, 745 (4th Cir. 2019) (citations and internal quotation marks omitted). Nor may we "assume that the court has silently adopted arguments presented by a party," *Nance*, 957 F.3d at 214 (internal quotation marks omitted), or "assume that a sentencing court truly considered a defendant's nonfrivolous

arguments or individual characteristics when the record fails to make it patently obvious," *Blue*, 877 F.3d at 521 (internal quotation marks omitted).

Where the district court addresses the defendant's "central thesis" in mitigation, it need not "address separately each supporting data point marshalled on its behalf." *Nance*, 957 F.3d at 214. Nonetheless, the court's failure to give "specific attention" to nonfrivolous arguments results in a procedurally unreasonable sentence. *Lewis*, 958 F.3d at 245 (internal quotation marks omitted). "At bottom, [we] cannot substitute our assessment of the record for the district court's obligation to explain its rationale in the first instance." *Id.* at 244 (internal quotation marks omitted).

We have held "that arguments made under § 3553(a) for a sentence different than the one that is eventually imposed are sufficient to preserve claims that the district court erred in not adequately explaining its rejection of the sentencing arguments." *United States v. Boulware*, 604 F.3d 832, 838 (4th Cir. 2010). Because Terry argued that the § 3553(a) factors warranted a downward variance to a range of 46 to 57 months' imprisonment, the issue is properly preserved. Therefore, we review for harmless error in considering whether Terry's alleged procedural error warrants reversal. *United States v. Lynn*, 592 F.3d 572, 576, 579 (4th Cir. 2010); *Boulware*, 604 F.3d at 838.

As Terry observes, the district court did not explicitly acknowledge or discuss his several arguments in favor of a downward variance, including: (1) Terry's personal history; (2) the death of Terry's mother at a young age; (3) the fact that Terry was current on his

4

child support (except after he was arrested); and (4) Terry's lack of gang affiliation.[*] Although the district court briefly recited some characteristics pertaining to Terry, the court failed to demonstrate consideration of all of Terry's nonfrivolous arguments. *See Blue*, 877 F.3d at 518 (holding that sentencing court must discuss a defendant's particular history and characteristics "as part of its analysis of the statutory factors and in response to defense counsel's arguments for a downward departure," instead of "merely in passing"). Therefore, it is impossible for us to ascertain the rationale behind the imposed sentence without "impermissibly speculat[ing] as to the reason for the district court's sentencing decision." *Ross*, 912 F.3d at 745. Because Terry's sentence is procedurally unreasonable, we do not reach its substantive reasonableness. *See Blue*, 877 F.3d at 522 ("Having concluded that [the defendant's] sentence is procedurally unreasonable, we cannot review the sentence for substantive reasonableness." (internal quotation marks omitted)).

Accordingly, we vacate Terry's sentence and remand for resentencing. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*

---

[*] We conclude that the district court adequately explained its reasoning with respect to Terry's argument that there was a lack of evidence that imprisonment has a deterrent effect.